United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50622
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFINO GONZALEZ-PALOMO, also known as Palomo
R. Gonzales, also known as Refugio Gonzales,
also known as Rufino Paloma, also known as Rufino
G. Palomo, also known as Rufino Gonzalez, also known
as Rufino Gonzales, also known as Rufino P. Gonzalez,
also known as Miguel Angel Gonzalez, also known as
Rufino Palomo Gonzalez, also known as Miguel Gonzales,
also known as Rufino P. Gonzales, also known as Marino
Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-433-ALL
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Rufino Gonzalez-Palomo appeals the sentence imposed following

his guilty plea conviction of being found in the United States

after deportation/removal in violation of 8 U.S.C. § 1326.

Gonzalez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Gonzalez maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the maximum term of imprisonment and supervised release which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Gonzalez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.